# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Shirley Jefferson Birch, | : |
| Plaintiff, | : Civil Action No.: 4:19-cv-116 |
| v. | : |
| Mirand Response Systems, Inc., | : **COMPLAINT** |
| Defendant. | : JURY |

For this Complaint, Plaintiff, Shirley Jefferson Birch, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Shirley Jefferson Birch ("Plaintiff"), is an adult individual residing in Dallas, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Mirand Response Systems, Inc. ("Mirand"), is a Texas business entity with an address of 16211 Park Ten Place, Houston, Texas 77084, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

6.    Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.    The Debt was purchased, assigned or transferred to Mirand for collection, or Mirand was employed by the Creditor to collect the Debt.

9.    Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Mirand Engages in Harassment and Abusive Tactics**

10.    On or about February 9, 2018, Mirand began contacting Plaintiff's place of employment in an attempt to collect the Debt.

11.    Plaintiff told Mirand to cease all calls to her place of employment.

12.    Nevertheless, Mirand continued to call Plaintiff's place of employment in an attempt to collect the Debt.

**C.    Plaintiff Suffered Actual Damages**

13.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

14.    As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted Plaintiff at a place known to be inconvenient for Plaintiff.

17. Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted Plaintiff at his place of employment.

18. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

19. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

20. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

25. Defendant are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

26. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

27. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 13, 2019

Respectfully submitted,

By */s/ Jody Burton*

Jody B. Burton, Esq.
CT Bar # 422773

Case 4:19-cv-00116-ALM   Document 1   Filed 02/13/19   Page 5 of 5 PageID #:  5

LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
*Attorneys for Plaintiff*

5